IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DEXTER BERNARD LOGAN,**

    **Plaintiff,**

v.                                           CIVIL ACTION NO. 3:17-CV-45
                                                     (GROH)

**UNITED STATES OF AMERICA,**

    **Defendant.**

## REPORT AND RECOMMENDATION

### I.    Introduction

On April 26, 2017, the *pro se* Plaintiff filed the above-styled action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, seeking reimbursement for loss of his personal property which he claims was misplaced by USP Hazelton staff on or about December 3, 2015. ECF No. 1. On the same date, Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*, and a Motion to Appoint Counsel with his complaint. ECF Nos. 2 and 5. This matter is before the undersigned for an initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure (LR PL P) 2, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

### II.    The Complaint

Plaintiff is a federal inmate, currently incarcerated at USP Hazelton, which is located in Bruceton Mills, West Virginia. The complaint alleges that upon his transfer to USP Hazelton, on December 1, 2015, Plaintiff's personal property was mishandled by

Hazelton staff. Further, he alleges that two days after his arrival prison staff permitted another inmate to sign his property receipt and obtain his personal belongings. ECF Nos. 1 at 9, 1-1. According to the complaint, on or about January 28, 2016, Plaintiff filed Administrative Tort Claim number TRT-MXR-2106-02253 seeking reimbursement in the amount of $2,500.00 for the loss of his personal property, and after the claim was denied, Plaintiff requested reconsideration on or about August 28, 2016. ECF No. 1 at 4 - 5. As relief, Plaintiff indicates he seeks "to be reimbursed for all losses and injury," but does not specify a dollar amount for the compensation he seeks. ECF No. 1 at 9.

### III.  Standard of Review

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme through which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953).

## IV. Discussion

Pursuant to § 2680(c) of the FTCA, sovereign immunity is expressly preserved for "[a]ny claim arising in respect of...the detention of any goods, merchandise, or other property by any officer or customs or excise or any other law enforcement officer." In Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 217-28 (2008), the Supreme Court held that BOP officers are "law enforcement officers" as that term is used in § 2680(c) and,

3

therefore, § 2680(c) "forecloses lawsuits against the United States for the unlawful detention of property" by BOP officials.

The Court did not address in Ali the specific types of BOP action that may or may not constitute a "detention" of property under § 2680(c). However, the facts in Ali are similar to those presented here. In Ali, the plaintiff was a federal prisoner who was transferred between a USP in Georgia to another USP in Kentucky. Before being transferred, Ali left two duffle bags containing his personal property in the Georgia prison's Receiving and Discharge Unit to be inventoried, packaged, and shipped to the Kentucky facility. When Ali's bags arrived in Kentucky, several items were missing so he pursued a claim under the FTCA. The Supreme Court ruled that BOP officers were exempt from the waiver of sovereign immunity, and thus not liable under the FTCA for any claim arising from the detention of any goods, merchandise, or other property.

Following the Supreme Court's Ali decision, several district courts in the Fourth Circuit have applied Ali and § 2680(c) to facts similar to those presented in the instant case. See Barrett v. United States, 2014 WL 4084187, at *1-2 (N.D.W.Va. Aug. 19, 2014) (dismissing a complaint wherein a plaintiff alleged that a correctional officer was liable for failing to secure the plaintiff's property in his cell after escorting the plaintiff and his cell mate to the correctional officer's office), aff'd per curiam, 585 Fed.Appx. 49 (4th Cir. 2014); Perkins v. Deboo, 2009 WL 1650443, at *1 (N.D. W. Va. June 11, 2009) (dismissing a plaintiff's claim regarding property that was allegedly lost or stolen during the plaintiff's transfer from one correctional institution to another); Mathis v. United States, 2008 WL 2922798, at *1 (D.S.C. July 24, 2008) (dismissing a claim that property

4

was allegedly lost during a transfer); Dillard v. United States, 2016 WL 3546364 (N.D.W.Va. June 22, 2016)(dismissing for lack of subject matter jurisdiction a claim that prisoner's personal property was misplaced during a cell transfer); and Branch-El v. Carrillo, 2015 WL 12964661 (E.D.N.C. Dec 7, 2015), aff'd Branch v Carrillo, 651 Fed. Appx. 215 (4th Cir. 2016), cert. denied Branch v. Carrillo, __ U.S. __, 137 S.Ct. 821 (2017) (dismissing as frivolous and for failure to state a claim an FTCA action alleging that a guard intentionally disposed of plaintiff's dental bridge, glasses, radio, and head phones).

In his complaint, Plaintiff alleges that his property was signed for and claimed by another inmate, however, such an action is not a permissible claim under the FTCA. Although the FTCA provides for a limited waiver of the sovereign immunity of the United States and its officials, the claim asserted by the Plaintiff in this case clearly falls under an exception to that waiver under 28 U.S.C. § 2680(c) and the holding of Ali, supra, that prison officials are exempt from lost property claims. In the review performed pursuant to 28 U.S.C. § 1915(e)(2), the undersigned has determined that Plaintiff seeks monetary relief against a defendant who is immune from suit pursuant to the exceptions of the FTCA. Accordingly, this Court lacks subject matter jurisdiction to entertain this action, and the plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted under the FTCA.

## V.  Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that: (1) the plaintiff's complaint under the FTCA be **DISMISSED WITH PREJUDICE** for lack of

subject matter jurisdiction and failure to state a claim upon which relief may be granted under the FTCA.  Further, it is the recommendation of the undersigned that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] and for appointment of counsel [ECF No. 5] be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985):  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED: May 25, 2017

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE